IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02064-REB-MEH

JOHN AND BRENDA NICHOLAS, individually and as successors in interest to
THE ESTATE OF DEMETRIOS JOHN NICHOLAS, deceased,

      Plaintiffs,

vs.

RICHARD B. BOYD,
ROBERT ALLEN,
HAROLD CHEUVRONT, and
ROBERT FRANCISCO,

      Defendants.
_____

### ORDER ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND TO REVISE DISCOVERY/DISCLOSURE DEADLINES
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is the Plaintiffs' motion requesting that they be allowed to amend their Complaint to more accurately set forth their claims and also requesting that the deadlines for completion of discovery and disclosures be extended.  With regard to their request for extension of discovery and disclosure deadlines, Plaintiffs' counsel indicates that the expert disclosure deadline of July 15, 2006, was inadvertently calendared in their office as September 15, 2006, and therefore, the disclosures have not been made.  They seek an extension until September 30, 2006, in which to make their expert disclosures, with concomitant extensions for Defendants' expert and rebuttal expert disclosures.  Defendants do not oppose the Plaintiff's attempt to amend their Complaint, but strenuously object to deadline extensions which the Plaintiffs propose.  The motion is fully briefed, and oral argument would not materially assist in the resolution of this matter.

Plaintiffs' request to amend their pleadings is timely filed, not contested by the Defendants, and supported by good cause. Accordingly, that portion of the motion will be granted. However, the deadline for expert disclosures has expired as of July 15, 2006 (Docket #13). Plaintiffs' motion was filed on July 27, 2006 (Docket #22). The Federal Rules and the rules of this Court provide that a motion for extension of time should be filed prior to the deadline prescribed. *See* FED.R.CIV.P. 6(b) and D.C.COLO.LCivR 6.1(E). Motions made after the expiration of the deadline must demonstrate that the failure to timely file was the result of "excusable neglect." FED. R. CIV. P. 6(b)(2). In determining whether neglect is "excusable," in addition to all other relevant circumstances surrounding a party's omission, the following specific factors must be considered: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on the proceedings; (3) the reason for the delay, including whether it was under the control of the movant; and (4) whether the movant acted in good faith. *See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Control over the circumstances of the delay is "the most important single . . . factor . . . in determining whether neglect is excusable." *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (citations omitted).

Neither Plaintiffs' motion, nor their reply, makes an effort to fully address the factors this Court needs to consider in determining whether excusable neglect has been demonstrated. Plaintiffs make a cursory admission that it was a mistake in calendaring which caused the deadline to be missed, but do nothing more. Excusable neglect is a higher standard to satisfy than simple good cause, and the Plaintiffs have failed to meet that standard. In the interests of justice, however, the Court will not completely deny the Plaintiffs' request but will grant a brief extension which will ensure that this matter stays on track under a case management plan which will ensure that scheduled conferences

and trial are maintained.

Accordingly, based on the foregoing, and the entire record herein, it is hereby ORDERED that the Plaintiffs' Motion to Amend the Complaint and to Revise Discovery/Disclosure Deadlines [Filed July 27, 2006; Docket #22] is **granted** in part and **denied** in part as follows:

1. Plaintiffs' Motion to Amend the Complaint is **granted.** On or before August 18, 2006, the Plaintiffs shall file their First Amended Complaint with the office of the Clerk of this Court in accordance with the District of Colorado Electronic Case Filing ("ECF") Procedures. Plaintiffs' First Amended Complaint shall be in the same format and substance of that which was tendered with Plaintiff's Motion to Amend the Complaint on July 27, 2006.

2. Plaintiffs' Motion to Revise Discovery/Disclosure Deadlines is **granted** in part and **denied** in part.   The following deadlines shall hereafter govern this case:

    • Plaintiffs' Expert Disclosures:          August 25, 2006
    • Defendants' Expert Disclosures:          September 25, 2006
    • Rebuttal Expert Disclosures:             October 13, 2006
    • Discovery Cutoff (including expert witness depositions):   November 3, 2006
    • Dispositive Motion Deadline:             November 30, 2006

    All conference dates, and the dates scheduled for trial, shall remain in full force and effect.

Dated at Denver, Colorado, this 14th day of August, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge